23-7251-cv
*Catala v. Joombas Co. Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-five.

Present:

> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> > *Circuit Judges*.

---

JUAN CATALA d/b/a MAJIC ENTERTAINMENT LLC d/b/a ADRAWN MUSIC PUBLISHING,

> *Plaintiff-Appellant*,

v.                                                          23-7251-cv

JOOMBAS CO. LTD., JOOMBAS MUSIC INTERNATIONAL, JOOMBAS LLC, JOOMBAS MUSIC GROUP, HYUK SHIN, THE LA REID MUSIC PUBLISHING COMPANY LLC, SONY/ATV SONGS LLC, EMI APRIL MUSIC INC.,

> *Defendants-Appellees*.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | JOSEPH A. FARSIDE JR. (Jeffrey S. Kramer, *on the brief*), Locke Lord LLP, New York, NY and Providence, RI |

---

* The Clerk of Court is respectfully directed to amend the case caption as indicated above.

1

For Defendants-Appellees Joombas
Co. Ltd., Joombas Music
International, Joombas LLC, Joombas
Music Group, and Hyuk Shin:

WILLIAM I. HOCHBERG (Rebecca Avrutin Foley, *on the brief*), Raines Feldman Littrell LLP, Los Angeles, California

For Defendants-Appellees Sony/ATV
Songs LLC, EMI April Music Inc.,
and The LA Reid Music Publishing
Company LLC:

BRIAN M. MAIDA (M. Mona Simonian and Donald S. Zakarin, *on the brief*), Pryor Cashman LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** for further proceedings.

Plaintiff-Appellant Juan Catala, doing business as Majic Entertainment LLC ("Majic") and Adrawn Music Publishing, appeals from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *District Judge*), entered on September 20, 2023, in favor of Defendant-Appellee Hyuk Shin. Catala brought this suit alleging, *inter alia*, breach of contract claims against The LA Reid Music Publishing Company LLC, EMI April Music Inc., and Sony/ATV Songs LLC (collectively, the "Reid Defendants"), Shin, and various "Joombas" entities Catala claims were Shin's affiliates. Catala alleges that Shin, a songwriter, failed to deliver certain musical compositions as required under three co-publishing agreements involving the parties, and that the Reid Defendants breached their obligations under two of the agreements by entering a settlement with Shin that did not benefit Majic. In an order dated September 23, 2019, the district court dismissed Catala's claims against the Reid Defendants and the Joombas entities in full, and his claims against Shin in part, pursuant to Federal Rule of Civil Procedure 12(b)(6). Special App'x at 1–30. The district court later granted summary judgment for Shin on Catala's remaining

2

claims. *Id.* at 50–84. Catala now appeals, challenging the district court's dismissal of his breach of contract claim against the Reid Defendants, partial dismissal of his breach of contract claims against Shin, denial of his request for leave to amend his complaint, and grant of summary judgment in Shin's favor. We assume the parties' familiarity with the case.

## I.     Dismissal Ruling

"We review *de novo* a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6)." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 156 (2d Cir. 2016).[1] We conclude that the district court erred in partially dismissing Catala's breach of contract claims against Shin but correctly dismissed Catala's claims against the Reid Defendants.

The district court erred by dismissing Catala's breach of contract claims against Shin for the period after January 1, 2014. In April of 2009, Shin and Majic entered an agreement requiring Shin to deliver musical compositions to Majic; the next month, Majic and the Reid Defendants entered an agreement requiring Majic to deliver those compositions to the Reid Defendants. In addition to providing for the delivery obligations, the agreements also divided the copyright ownership interests in the musical compositions between the parties: The first agreement between Majic and Shin entitled Majic to an "undivided 50% interest in all of [Shin's] Interest in all Compositions," App'x at 38 § 5, while the second agreement divided in half *that* interest between Majic and the Reid Defendants, with Majic "retain[ing] the remaining 50% copyright interest with respect to [Majic's] Interest in the Compositions," *id.* at 54 § 5. To effectuate that division of copyright interests, the first agreement required Shin to "transfer and assign" to Majic half of

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

Shin's interest with executed assignments of copyright. *Id.* at 38 § 5. Later, the parties entered a third agreement, effective January 1, 2014, that modified the second agreement by, among other things, requiring Shin to deliver compositions to the Reid Defendants, not to Majic. Based on the third agreement's modification of Shin's delivery obligations, the district court dismissed Catala's breach of contract claims to the extent they pertained to the period after January 1, 2014.

But, although the third agreement modified the *delivery obligations* between the parties, it did not address the division of *copyright interests* between the parties and stated that "[e]xcept as expressly modified above, [the second agreement] is hereby ratified and reaffirmed, and shall remain in full force and effect." *Id.* at 78 § 9. In light of the third agreement's silence on the issue of copyright interest, we conclude that the division of copyright interests contemplated by the parties in the first and second agreements continues to govern, with Majic retaining its 25% copyright interest in the subject compositions. *See Marine Transp. Lines, Inc. v. Int'l Org. of Masters, Mates & Pilots*, 878 F.2d 41, 46 (2d Cir. 1989) (when a contract is modified, "the terms of the old contract are still to be followed so far as not changed or as inconsistent with the new terms"). Because Shin remained obligated to transfer the required share of his ownership interest to Majic, Catala has plausibly alleged breach of contract claims against Shin after the third agreement's execution on January 1, 2014. *See* App'x at 27 ¶ 15 (complaint alleging that Catala is "entitled pursuant to paragraph 5 of Contracts 1 & 2, fifty percent (50%) undivided interest of all of Shin's copyrights").

However, the district court did not err by dismissing Catala's breach of contract claim against the Reid Defendants. Catala alleges that the Reid Defendants breached the second and third agreements by "failing to demand that Shin provide . . . acquired composition[s] and co-written compositions to Majic and Reid," "settl[ing] claims with Shin without including Majic,"

4

and "collect[ing] monies from Shin that were not paid to Majic." *Id.* at 31 ¶¶ 56–57. But Catala references no contractual provision requiring the Reid Defendants to demand that Shin deliver compositions to Majic. Nor does Catala reference any provision requiring the Reid Defendants to share settlement proceeds with Majic; the proceeds were not, for example, "royalties" that the Reid Defendants were obligated to pay Majic under the second and third agreements. Thus, the complaint pleads no plausible theory under which the Reid Defendants—by settling their *own* claims against Shin—breached any obligation to Majic or Catala.

## II.     Catala's Request for Leave to Amend His Complaint

We likewise reject Catala's challenge to the district court's denial of his request for leave to amend his complaint to add fraud and tortious interference claims against Shin and the Joombas entities. "We review the district court's denial of leave to amend for abuse of discretion." *Murphy Med. Assocs., LLC v. Yale Univ.*, 120 F.4th 1107, 1111 (2d Cir. 2024). On March 12, 2020, after seeking reconsideration of the district court's dismissal ruling, Catala also sought leave to amend his complaint. In an order dated March 31, 2021, the district court denied both requests. On October 10, 2021, Catala wrote a letter to the district court, again asking to amend his complaint. Magistrate Judge Gabriel W. Gorenstein then issued an order stating that Catala's letter motion was "insufficient to justify filing an amended complaint in light of the imminent discovery cutoff, the lateness of the application, and the lack of an[y] competent proof that supports the explanation for delay." Dist. Ct. Dkt. 117. Magistrate Judge Gorenstein recognized, however, that Catala "did not have the benefit of full briefing" and stated that Catala could seek leave to amend by December 3, 2021. *Id.* Catala never did so. Thus, because the district court specifically gave Catala the opportunity to request amendment and he declined, his assertion that the district court abused its discretion by denying his request is unpersuasive. *Cf. Gamma Traders - I LLC v. Merrill Lynch*

5

*Commodities, Inc.*, 41 F.4th 71, 82 (2d Cir. 2022) ("[A] district court cannot be said to err by not permitting an amendment that was never requested.").

III.     **Summary Judgment Ruling**

"We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023). "Summary judgment is appropriate where the record reveals that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Truitt v. Salisbury Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022). In granting Shin's request for summary judgment, the district court found that Catala had not offered evidence creating a material issue of fact as to whether "Shin or a Shin Affiliate failed to deliver an authorship or ownership interest in a Composition that Shin or a Shin Affiliate was required to deliver under [the first agreement]." Special App'x at 83. For the reasons below, we conclude that the district court erred in making this finding.

The first agreement required Shin to deliver to Majic "all Compositions," App'x at 37, and transfer half of Shin's ownership interest to Majic, *id.* at 38 § 5, and it defined "Composition" to include "any and all . . . compositions written by you and/or acquired by you or your Affiliates during the Term [of the agreement]," *id.* at 37 ¶ 3; *see id.* at 37 (defining "you" to include Shin and his Affiliates). For each composition, Shin was required to deliver to Majic "[e]xecuted assignments of copyright," any "agreements, if applicable, with any third parties," and "[c]omplete and accurate writer and publisher information," among other things. *Id.* at 41–42 ¶ 12(c). The agreement defined "Affiliate" as "any [individual or entity] which you own or in which you have an interest, in whole or in part, or which you employ or which employs you, and/or any [individual

6

or entity], the operation of which is controlled directly or indirectly by you." *Id.* at 42 ¶ 12(e). Upon review of the record, we conclude that genuine issues of material fact exist as to (1) whether Joombas entities with interests in relevant compositions were Shin's "Affiliates," and (2) whether Shin failed to deliver to Majic all compositions in which such entities had an interest and transfer the required copyright ownership share.

Shin testified at his deposition that his "role with Joombas was executive producer" between 2009 and 2017, *id.* at 330:8–13, which suggests that Joombas entities were his "Affiliates" during that period. *See id.* at 350:2–352:11 (Shin testifying that, in 2013, he "was acting as CEO on behalf of the Joombas USA entity"). Indeed, Shin's testimony suggests that *all* Joombas entities may have been his "Affiliates"; specifically, he testified that there was no corporate separation between Joombas entities in the United States and Korea, and that he had "reach[ed] out [to song writers] on behalf of Joombas as a whole, not a specific location or office." *Id.* at 353:3–8. Shin also testified regarding "a list of writers [he] signed to Joombas," *id.* at 384:9–11, including between 2011 and 2013, *id.* at 370:12–371:17. He further stated that, in 2011, he began having Daniel Kim, his high school friend and business partner, claim large portions of his interest in songs, *id.* at 343:2–20, 387:5–9, and that "Joombas publish[ed] and administer[ed] the publishing of . . . Kim" beginning in 2012, *id.* at 357:16–20. According to his testimony, Shin never "pa[id] any of the income [he] received from Joombas" to Catala or the Reid Defendants, *id.* at 387:26–388:3, and he never reported to Catala or the Reid Defendants that Kim "was claiming large portions of [his] interest in songs," *id.* at 387:18–22. Taken together, this testimony raises genuine issues of material fact as to whether Shin breached his obligations—as set forth in the first agreement—to provide Majic with all compositions in which he or his Affiliates had an interest.

Because genuine issues of material fact remain as to the breach of contract claims that survived dismissal, the district court erred in granting summary judgment for Shin on those claims.[2] Accordingly, we vacate the district court's grant of summary judgment in Shin's favor and remand the case for further proceedings.

*     *     *

Based on the foregoing, we conclude that the district court properly dismissed Catala's claims against the Reid Defendants but erred in granting (a) Shin's motion to dismiss Catala's breach of contract claims against Shin pertaining to the period after the third agreement's execution on January 1, 2014, and (b) Shin's motion for summary judgment as to Catala's breach of contract claims against Shin pertaining to the period before January 1, 2014. We therefore **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court and **REMAND** this case for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] The district court dismissed Catala's breach of contract claims against Shin as to conduct that occurred after the third agreement's execution in January 2014 and therefore did not consider a summary judgment motion on claims pertaining to Shin's conduct after January 1, 2014. Because we now conclude that Catala has plausibly alleged claims that Shin breached his contractual obligations after the third agreement's execution, we note that if the record contains evidence that Shin continued to engage in similar conduct in 2014 and thereafter as that described above, summary judgment on these claims would likewise be inappropriate.